IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20646
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MIGUEL ANGEL MUNDO-JIMENEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-651-1
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Miguel Angel Mundo-Jimenez pleaded guilty to illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326. Mundo-Jimenez appeals the district court's interpretation of U.S.S.G. § 2L1.2(b)(1)(C) at his sentencing. For the first time on appeal, Mundo-Jimenez argues that 8 U.S.C. § 1326(b)(2) is unconstitutional because it treats a prior conviction for an aggravated felony as a mere sentencing factor and not an element of the offense. He contends that the

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutionality of the statute is not remedied by treating the prior aggravated felony as an element of the offense and including it in the indictment.  Mundo-Jimenez concedes that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>see</u> <u>also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  This argument lacks merit.

Mundo-Jimenez also argues that his prior felony conviction for possession of a controlled substance did not merit the eight-level adjustment provided in U.S.S.G. § 2L1.2(b)(1)(C) for an aggravated felony.  He argues that he should have received only the four-level adjustment provided in U.S.S.G. § 2L1.2(b)(1)(D) for "any other felony."  Mundo-Jimenez's arguments regarding the definitions of "drug trafficking offense" and "aggravated felony" are foreclosed by <u>United States v. Caicedo-Cuero</u>, 312 F.3d 697, 706-11 (5th Cir. 2002).  The district court did not err in assessing an eight-level adjustment, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), to Mundo-Jimenez's sentencing guideline calculation.

AFFIRMED.